GASKINS, J.
In this worker’s compensation case, Louisiana Pacific Corporation appeals from a judgment awarding its former em *839 ployee, James D. Marshall, supplemental earnings benefits (SEB). We affirm.
FACTS
The claimant, a forklift operator, was injured in the course and scope of his employment on January 8,1998. On January 28, 1998, he was released to return to work without limitations by his treating physician. At a follow-up exam on February 18, 1998, his treating physician found that he was able to perform light duty work.
According to his employer’s termination policy, if an employee does not call in for two days and fails to show up, it is assumed that he has abandoned his job. Following his release to return to work, the claimant failed to return to work or call his employer to explain his absence. Pursuant to his employer’s policy, the claimant was terminated in February 1998.
After undergoing an MRI on March 3, 1998, which showed that he had a large extruded disc fragment, the claimant had lumbar surgery on March 26, 1998. Due to complications, a second surgery was performed on March 29,1998.
A postsurgery MRI in November 1998 showed no disc herniations. On January 4, 1999, the claimant was released to return to work as a forklift operator with some limitations. He was instructed to avoid continuous bending and lifting, as well as prolonged sitting, standing or walking. Although the employer had a forklift operator job available at that time, a 12representative of the employer testified that he probably would not have been considered for the position due to the circumstances of his termination. Payment of temporary total disability payments of $176.69 per week started about March 1998 and continued until January 17, 1999. The record indicates that SEB benefits were paid from January 18, 1999 through August 1999; he received $718.76 per month.
In February 2000, the claimant twice failed to attend meetings with his vocational rehabilitation counselor. As a result, his file was closed due to his failure to cooperate.
In the meantime, in October 1999, the claimant submitted his claim for benefits with the Office of Workers’ Compensation. In September 2000, the claimant’s attorney withdrew, and the claimant represented himself at the trial on the merits in November 2000.
At trial, the claimant testified on his own behalf; also he admitted into evidence his medical records and copies of the checks he received from the employer. The employer’s witnesses were Rick Reeve, its production superintendent, and John A. Clower, a rehabilitation counselor. They testified about, respectively, the claimant’s termination following his failure to report to work and his failure to show up at meetings with rehabilitation services. The deposition of the claimant’s treating physician, Dr. Robert Holladay, was admitted.
In December 2000, the worker’s compensation judge (WCJ) dictated oral reasons for judgment. The WCJ found that the employer terminated the claimant’s benefits due to his failure to cooperate with vocational | ¡¡rehabilitation. Additionally, the WCJ stated that the claimant had shown that benefits were paid to him at a compensation rate of $345.16. The WCJ found that the claimant had proven his inability to earn 90 percent of his pre-injury wages and that the employer failed to show otherwise. Thus, it awarded SEB benefits, beginning on January 4, 1999, and continuing until the claimant was able to earn 90 percent of his pre-accident wages or until terminated by law. However, the benefits were ordered reduced by *840 50 percent beginning February 1, 2000, until such time as the claimant cooperated with vocational rehabilitation. (In its oral reasons, the WCJ noted that the employer was entitled to a credit for the benefits it had paid.) The WCJ denied the claimant’s request for mileage expenses, reimbursement of prescription expenses, attorney fees and penalties.
The employer appeals.
SUPPLEMENTAL EARNINGS BENEFITS

Law

The purpose of SEB is to compensate the injured employee for the wage-earning capacity he has lost as a result of his accident. Pinkins v. Cardinal Wholesale Supply, Inc., 619 So.2d 52 (La.1993).
Air employee is entitled to receive SEB if he sustains a work-related injury that results in his inability to earn 90 percent or more of his average pre-injury wage. La. R.S. 23:1221(3)(a). Initially, the employee bears the burden of proving, by a preponderance of the evidence, that the injury resulted in his inability to earn that amount under the circumstances of the individual case. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551. Workers’ compensation is to be liberally construed in favor of coverage. Daigle v. Sherwin-Williams Company, 545 So.2d 1005 (La.1989).
Once the employee’s burden is met, the burden shifts to the employer who, in order to defeat the claim for SEB or establish the employee’s earning capacity, must prove by a preponderance of the evidence that the employee is physically able to perform a certain job and that the job was offered to the employee, or was available in his or the employer’s community or reasonable geographic region. La. R.S. 23:1221(3)(c)(i); Banks, supra. An employer can discharge its burden by establishing (1) the existence of a suitable job within claimant’s physical capabilities and within claimant’s or the employer’s community or reasonable geographic region, (2) the amount of wages that an employee with claimant’s experience and training can expect to earn in that job, and (3) an actual position available for that particular job at the time that the claimant received notification of the job’s existence. Banks, supra. Actual job placement is not required. Atwood v. Ewing Timber, Inc., 34,045 (La.App.2d Cir.12/15/00), 774 So.2d 1140, writ denied, 2001-0543 (La.5/11/01), 792 So.2d 733.
Factual findings in a workers’ compensation case are subject to the manifest error or clearly wrong standard of appellate review. Smith v. Louisiana Dept. of Corrections, 93-1305 (La.2/28/94), 633 So.2d 129. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Stobart v. State, Through Dept. of Transportation & Development, 617 So.2d 880 (La.1993). Where there are two permissible views of the evidence, a factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Stobart, supra. Accordingly, if the WCJ’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Stobart, supra.

Discussion

The employer contends that the WCJ erred in awarding SEB benefits to the claimant, asserting that he presented insufficient evidence to support that claim.
*841 In its oral reasons, the WCJ found that the claimant had proven his entitlement to SEB benefits. It accepted the testimony of the treating physician that the claimant was able to return to light-duty work with restrictions in January 1999. However, the WCJ dismissed as “self-serving and unreliable” the testimony of the employer’s representative about the availability of employment for the claimant.
In Lewis v. Casino Magic, 35,083 (La.App.2d Cir.9/28/01), 796 So.2d 761, an employee who suffered a back injury was restricted to light duty by his doctor. Upon his return to work, controversy and confusion arose as to what the employee was allowed to do. Instead of contacting his employer as requested, the employee left town to recuperate. His employer sent him correspondence informing him of medical appointments, which he missed; the establishment of a job tailored to his | ¿restrictions; and the need for him to contact the employer within a specific period of time. As a result of miscommunication and poor conduct on both sides, when he eventually returned to his place of employment, the employee was fired for failure to contact his employer. The employee was unable to find employment other than odd jobs earning a total of $150. The WCJ awarded him SEB benefits.
In affirming the WCJ’s decision in the Lewis case, we stated: “[Tjhis fact intensive dispute should be resolved against Casino for its failure to properly allow Lewis an opportunity to return to work and to perform the light duty activities to which he had been assigned.”
We are presented with a similar situation. The claimant was fired for not contacting his employer. When he was eventually released to return to work with restrictions following surgery for his work-related injury, the employer had a job available. However, the employer’s representative stated that the claimant “probably” would not have been hired for it due to his termination for failure to contact. Thereafter, the claimant worked as a pastor at a small church, occasionally receiving only $100 to $110 per week.
The claimant testified that he was continuing to suffer back pain on an almost daily basis. He also stated that he had difficulty lifting because of the damage to his back and there was a continuing risk of “throwing] it out.” He testified that due to his back problems, he had been unable to secure employment. This evidence was not refuted by the employer.
The present case, like Lewis, supra, is “fact intensive” and must be resolved against the employer who did not give the employee an adequate ^opportunity to return to work at light duty. Additionally, the employer failed to show any other job available to the claimant. Under the facts presented here, we believe that the WCJ’s decision was not manifestly erroneous.
CONCLUSION
The judgment below is affirmed. Costs are assessed to the appellant.
AFFIRMED.